EVON M. BARBER *v.* CITY OF BILOXI.

CRIMINAL LAW. *Judgment. Amendment. Subsequent term.*

A judgment of conviction in the circuit court, on appeal from a justice of the peace, cannot be enlarged by amendment, after the expiration of the term, so as to include a recovery against the sureties on the appeal bond.

FROM the circuit court of Harrison county.
HON. T. A. WOOD, Judge.
The opinion states the case.

*A. Y. Harper* and *E. M. Barber*, for the appellant.

1. Had the defendant appeared for trial there would have been no breach of the bond, and the same result attends a trial in his absence when the state waives his appearance.

2. The court below lost control of its judgment when the term ended, and could add nothing thereto at a subsequent term.

*White & Neville,* for the appellee.

The judgment of the court below is correct. Code 1892, §§ 86, 946. The waiver of the presence of the defendant did not forfeit any right appellee had under the bond, nor give immunity to the appellant.

TERRAL, J., delivered the opinion of the court.

Before Hon. T. H. Gleason, police justice of the city of Biloxi, on June 18, 1896, John W. F. Livings was tried and convicted of violating ordinance No. 81 of said city, forbidding, between daylight and 9 o'clock A.M. of each day, the carrying on of a market for the sale of fresh meats at any place within said city other than the public market of said city of Biloxi, and was fined therefor fifty dollars. The defendant, believing ordinance 81, restricting the sale of fresh meats within the city of Biloxi to one place, when Biloxi was confessedly a city three and one-half miles wide, with a permanent population of five thousand people, and increased in the summer months by from five thousand to eight thousand visitors, was invalid on the rule of Lord Coke, that whatever was inconvenient was against law, and being supported in such view by counsel, he suffered himself to be placed in the city prison in order to seek liberation through the medium of a writ of *habeas corpus;* but failing therein, with a view of reaching the supreme court in the best possible shape, he appealed to the circuit court, and, thereupon, with E. M. Barber and W. H. Maybin as sureties, gave bond for such appeal, which bond was conditioned "to pay the city of Biloxi $100 unless (he) said Livings should appear at the next term of the circuit court of Harrison county to answer the city of Biloxi upon a charge of the violation of ordinance No. 81."

At the November term, 1896, of the circuit court of Harrison county, the charge was tried by the court, a jury being waived, and the presence of the defendant being also waived, as appears by the record of the case, when a verdict of guilty was given against the defendant, and he was adjudged to pay a fine of twenty-five dollars, and to be imprisoned upon arrest until said fine and all costs, amounting in the aggregate to $94.50, should be paid, for which a *capias pro fine* was ordered. Process having been issued upon the judgment of the circuit court, the fear of Livings got the better of his judgment, and, notwithstanding the alleged invalidity of the proceedings, he fled the jurisdiction of the court, and neither the body nor the goods of the defendant could be found by the sheriff of which to satisfy said judgment. Whereupon, at the May term, 1897, of the circuit court of Harrison county the attorneys of said city insisted upon and obtained a judgment *nisi* against Livings and his sureties, Barber and Maybin, wherein it was recited " that said Livings being solemnly called to come into court, came not; and E. M. Barber and W. H. Maybin, his sureties, being solemnly called to bring with them the body of said Livings, came not," and, thereupon, it was adjudged that the said " State of Mississippi, for the use of the city of Biloxi, do have and recover of and from the said John W. F. Livings and E. M. Barber and W. H. Maybin, his sureties on said recognizance, the sum of one hundred dollars, unless," etc. Upon the service of the writ of *scire facias*, E. M. Barber appeared, and, at the May term, 1898, of said court, pleaded the facts of record in bar of the proceedings. The city demurred to the plea or answer, the court sustained the demurrer, when the writ was dismissed, as to Livings, who was not served with notice, and the judgment *nisi* against Barber and Maybin was made final. E. M. Barber appeals.

It is to be noted that while the appeal bond of Livings did not stipulate that he and his sureties should pay the costs of

the circuit and justice courts, if cast therein, yet such should have been its stipulation, and under code § 946 it was the duty of the court, upon pronouncing judgment against Livings upon his conviction, to have adjudged a recovery against him and his sureties of said fine and of all costs in both courts, as though such stipulation had been written in said appeal bond; and the city of Biloxi, at the May term, 1898, of the circuit court of Harrison county, was seeking to take the judgment against Livings and his sureties which the court might and should have pronounced at the November (trial) term, 1896. The presence of the defendant being expressly waived on the record at the trial term, no forfeiture for nonappearance could thereafter be taken thereon; but at the November term, 1896, when the case was tried and the defendant convicted, it was then proper for the court to have made it a part of its judgment that the city of Biloxi should recover of Livings and of Barber and Maybin the fine imposed upon Livings and the costs of both courts.    Doubtless it was then the duty of the court to have so pronounced its judgment, and to have seen that it was so entered by the clerk, but by mistake or inadvertence of the judge the judgment was not so rendered, or at least it is not insisted that such was the fact.    It is too late after the expiration of the term at which a judgment is rendered to make it what it should have been, and what the judge would have made it if it had then come to his attentive consideration.    A judgment is final and conclusive after the term at which it was rendered.    If anything has been omitted from it which is properly a part of it, and which was intended and understood to be a part of it, but failed to be incorporated in it through the negligence or inadvertence of the court or the clerk, the omission may be supplied by amendment after the term, but amendments ought never to be the means of modifying or enlarging the judgment so that it shall express something which the court did not pronounce, even though the proposed amendment embraces matter which ought clearly to have

been pronounced; and a court cannot at a subsequent term change its judgment to one which it neither rendered nor intended to render, nor supply an order which it might or ought to have made, but wholly omitted to make.   Black on Judgments, secs. 14, 132, 156, 158.

*The judgment against the appellant is reversed, and the proceeding is dismissed at the cost of the appellee.*